Yesy Sanchez (YS - 0502)
Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Walter Gomez, *on behalf of himself and others similarly situated,* | ) ) ) |
| *Plaintiff,* | ) ) ) |
| -v- | ) ) ) |
| The Garden Dept. Corp. d/b/a The Garden Dept, Victor Caroleo, and Domenic Caroleo, *jointly and severally,* | ) ) ) ) |
| *Defendants.* | ) ) |

Civil Case No.:

**FLSA COLLECTIVE ACTION**

**COMPLAINT**

## NATURE OF THE ACTION

1.      Plaintiff Walter Gomez ("Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, as well as the supporting New York State Department of Labor Regulations for violations of overtime wages, spread-of-hours pay and notice and record-keeping requirements.

1

## SUMMARY

2.      Plaintiff was employed by Defendants, The Garden Dept. Corp. d/b/a The Garden Dept., Victor Caroleo, and Domenic Caroleo as a handyman tasked with multiple functions within Defendants' nursery and landscape business from February 2012 to July 15, 2016.

3.      Plaintiff worked in excess of sixty (60) hours per week, however, he was paid at a flat rate of One Thousand dollars ($1,000) per week from February 2012 until December 2012, and then, from January 2013 onwards, he was compensated at a flat rate of One Thousand, Two Hundred dollars ($1,200) per week until he was terminated on July 15, 2016.

4.      Defendants have repeatedly deprived Plaintiff of his overtime compensation and his spread-of-hours pay.

5.      As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

6.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

7.      Defendants' conduct extended beyond Plaintiff to all other similarly situated employees. Plaintiff seeks certification of his FLSA claims as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

8.      This Court has original subject matter jurisdiction over this action under 28

U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

**Personal Jurisdiction**

9.      This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

10.      Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### Plaintiff

**Walter Gomez**

11.      Plaintiff Walter Gomez ("Plaintiff") is an adult individual residing in the state of New York, Suffolk County.

12.      Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

13.      Plaintiff was employed as a handyman at The Garden Dept., a landscape business owned by Defendants, with two locations, 650 Deer Park Avenue, Dix Hills, NY, 11746 and 3672 NY-112 Coram, NY, 11727.

14.      Plaintiff primarily worked at the Dix Hills location, however, Defendants would

3

routinely send Plaintiff to the Coram location to perform additional work.

15.     Gomez was responsible for, among other things, stocking the inventory and helping customers load purchases such as plant materials, trees, and other items into their vehicles.

16.     Gomez regularly handled goods in interstate commerce, such as gardening supplies imported from outside the State of New York.

17.     Plaintiff consistently worked in excess of sixty (60) hours per week. Plaintiff worked from Mondays to Saturdays, from around 7 am to 5:30 pm.

18.     During the busy season, from March to July, Plaintiff also worked on Sundays from 7 am to 5:30 pm at the Coram location.

19.     Plaintiff was also routinely required to perform work beyond his scheduled end time.

20.     Plaintiff was paid at a flat rate of One Thousand dollars ($1,000) per week from February 2012 until December 2012, and then compensated at a flat rate of One Thousand, Two Hundred dollars ($1,200) per week from January 2013 until he was terminated July 15, 2016. His pay was equally divided in cash and check.

21.     Plaintiff's schedule was set by Defendants Victor Caroleo and Domenic Caroleo. Plaintiff's schedule frequently varied according to Defendants' needs.

22.     Throughout this entire period, Gomez was not paid at all for the overtime hours he worked, nor was he given any spread-of-hours pay.

23.     Gomez was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address, and telephone number at the time of hiring or at any point thereafter.

24.     Gomez was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

25.     Upon information and belief, while Defendants employed Gomez, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Gomez of such rights.

26.     Throughout the duration of his employment, Gomez did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

27.     Gomez consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

28.     Gomez has knowledge of other individuals who were not paid overtime wages while working for Defendants.

**Defendants**

29.     At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to the Defendants' employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

a.     Defendants all suffered or permitted Plaintiff to work.

b.     Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.     Defendants each have an economic interest in Corporate Defendant in which Plaintiff and similarly situated employees worked.

d.     Defendants all simultaneously benefitted from Plaintiff's work.

5

e.   Defendants each had functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

f.   Plaintiff and similarly situated employees performed work integral to Corporate Defendant's operation.

30.   In the alternative, Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

## (Corporate Defendant)

### The Garden Dept. Corp

31.   The Garden Dept. Corp ("Garden Corp") is a domestic corporation formed on June 15, 2005, organized and existing under the laws of the State of New York.

32.   Garden Corp owns and operates The Garden Dept., a nursery and landscape business with two locations, namely, 3672 NY-112 Coram, NY, 11727 and 650 Deer Park Ave, Dix Hills, NY, 11746.

33.   Garden Corp employs numerous full-time employees and serves customers in New York and throughout the tri-state area.

34.   At all relevant times, Garden Corp was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

35.   At all relevant times, Garden Corp maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

36.   At all relevant times, Garden Corp was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees handled landscape supplies imported out of state and distributed within New York. In addition, The Garden Corp conducted business with vendors and other businesses outside the state of New

York and engaged in credit card transactions involving banks and other institutions outside the state of New York.

37.    Upon information and belief, at all relevant times, Garden Corp's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendants)**

**Victor Caroleo**

38.    Upon information and belief, at all relevant times, Victor Caroleo was a co-owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

39.    At all relevant times throughout Plaintiff's employment, Victor Caroleo had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

40.    At all relevant times throughout Plaintiff's employment, Victor Caroleo was actively involved in the day-to-day operations of the Corporate Defendant.

41.    At all relevant times throughout Plaintiff's employment, Victor Caroleo was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Domenic Caroleo**

42.    Upon information and belief, at all relevant times, Domenic Caroleo was a co-owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

43.    At all relevant times throughout Plaintiff's employment, Domenic Caroleo had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; negotiating Plaintiff's rate of pay; instructing, training and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

44.    At all relevant times throughout Plaintiff's employment, Domenic Caroleo was actively involved in the day-to-day operations of the Corporate Defendant.

45.    At all relevant times throughout Plaintiff's employment, Domenic Caroleo was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

46.    Pursuant to 29 U.S.C. §§ 203, 207 and 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since January 3, 2014
>
> and through the entry of judgment in this case (the "Collective

8

Action Period") who worked as helpers, handymen, and all other non-exempt employees (the "Collective Action Members").

47.    A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay overtime wages for work performed in excess of forty (40) hours each week.

48.    Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

49.    The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

50.    Plaintiff and the Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

51.    At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

52.    At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

53.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

54. Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

55. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

56. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

57. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

58. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

62.   At all relevant times referenced herein, Plaintiff had been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

63.   The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

64.   Defendants have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

65.   Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

66.   Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

67.   Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

68.   Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL,

11

reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### THIRD CAUSE OF ACTION

#### New York Labor Law – Spread-of-Hours Pay

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

66.     Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked a shift exceeding ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4.

67.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

68.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

12

## FOURTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Notice at the Time of Hiring

69.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.   Defendants have failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

71.   Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## FIFTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

72.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.   Defendants have failed to provide Plaintiff with wage statements listing, *inter alia*, his rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

74.   Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the

13

violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B.      Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations;

C.      Unpaid overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D.      Unpaid overtime wages, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL § 198(1-a) and § 663(1);

E.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

F.      An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

G.      An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

14

H.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

I.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

J.      An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L.      An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

M.      Such other relief as this Court shall deem just and proper.


Dated: Astoria, New York
       January 3, 2017


                                        Respectfully submitted,
                                        **PARDALIS & NOHAVICKA, LLP**


                           By:          _____
                                        Yesy Sanchez (YS-0502)
                                        Ariadne Panagopoulou (AP-2202)
                                        *Attorneys for the Plaintiff*
                                        35-10 Broadway, Suite 201
                                        Astoria, New York 11106
                                        Tel: 718.777.0400 | Fax: 718.777.0599
                                        Email:  yesy@pnlawyers.com
                                                ari@pnlawyers.com